**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON DIVISION**

| | | |
|---|---|---|
| **EDWARD FORCHION (NJWeedman.com)** | | |
| **and** | ) | |
| **NJWEEDMAN'S JOINT LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CAFN:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **REED GUSCIORA, in his official** | ) | |
| **Capacity as Mayor of the** | ) | |
| **CITY OF TRENTON** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR EQUITABLE RELIEF

Plaintiffs, Edward (NJWeedman.com) Forchion and NJ Weedman's Joint

LLC ("The Joint"), by and through counsel, file this Complaint seeking monetary

and/or equitable damages, using 42 U.S.C. § 1983 as a vehicle to vindicate the

violation of his First Amendment Rights.

## INTRODUCTION

1.

At this juncture in the history of the relationship between Mr. Forchion and

the City of Trenton, amongst many things to be said about Mr. Forchion, one

thing is for certain: Mr. Forchion has had to force the City of Trenton to respect

his constitutional rights at every turn through litigation. This case is no different.

2.

Almost immediately after Mr. Forchion placed a Batman-like signal image on City Hall, with the message "Our City Government sucks," and the city attorney warning that if Mr. Forchion continued to do so, the City would negate his City Resolution regarding his efforts to obtain his cannabis license, while at the same time Mr. Forchion sending the Mayor of Trenton and other public officials emails accusing them of sabotaging his attempt to obtain his cannabis license—Trenton Police Department began harassing Mr. Forchion's establishment, scaring away customers.

3.

Foremost, Trenton PD had not cited Mr. Forchion in years regarding him operating his establishing after 11 p.m., noting that years ago Mr. Forchion gained dismissal of those bogus citations under City Ordinance 146-2(a). But the City amended the law, to prohibit certain business from operating between the hours of 2a.m. and 6a.m (City Ordinance 146-22[d]), with limited exceptions. The problem is (1) Mr. Forchion meets the limited exception and (2) the retaliatory nature of the harassment is evidenced by law enforcement itself, because the

citations are sporadic enforced at the pleasure and desire of Trenton PD. This unconstitutional retaliation and selective enforcement has to stop.

## JURISDICTION AND VENUE

2.

Jurisdiction is proper under 28 U.S.C. § 1331 and 1343(a)(4), as well as under 42 U.S.C. § 1983. And Venue is proper under 28 U.S.C. § 1391(b).

## THE PARTIES

### A.    Edward Forchion, Plaintiff

3.

Edward Forchion is a resident of New Jersey and a Member of Liberty Bell Temple III, LLC and NJWEEDMAN'S JOINT LLC. The facts specific to Mr. Forchion can be found in the Relevant Facts and Counts sections, infra.

### B.    NJWEEDMAN'S JOINT LLC, Plaintiff

4.

At all times relevant to this Complaint, NJWEEDMAN'S JOINT LLC ("The Joint") was a New Jersey limited liability company, licensed to do business as a restaurant at 322 East State Street, Trenton, NJ 08608. The facts specific to The Joint can be found in the Relevant Facts and Counts sections, infra.

C.     **Mayor Reed Gusciora, Defendant**

5.

At all times relevant to this Complaint, Mayor Gusciora was the Mayor of the City of Trenton City, which is a political subdivision of the State of New Jersey and manages, directs, and controls the Trenton Police Department.

**RELEVANT FACTS**

A.     **Edward Forchion, outspoken marijuana activist and thorn in the City's side**

6.

Ed Forchion is Rastafarian and a long-time marijuana activist. For years he has been very public about his disdain for the war on drugs and the criminalization of marijuana. He is known by the moniker, "NJ Weedman," In this capacity, he has authored many news articles, appeared in various television programs and documentaries, and spoken on various podcasts and radio programs. He has also participated in parades with the NJ Weedman Van, a colorful vehicle with messages encouraging the full legalization of marijuana and civil disobedience against laws he considers unjust. Mr. Forchion is the proud father of five children.

7.

In 2015, Mr. Forchion started a restaurant called The Joint, and The Temple, a sanctuary for people to gather.

8.

At all relevant times, both The Joint and The Temple displayed colorful signs encouraging the legalization of marijuana.

9.

Mr. Forchion's businesses, located at 322 and 320 East State Street, are situated in a business zone in the city of Trenton—directly across the street from the Trenton City Hall.

B.   **Previous issue with Trenton PD harassment regarding Ordinance § 146-22, a zoning ordinance misused by Defendants against Mr. Forchion, does not apply to Plaintiffs' businesses**

10.

Trenton Ordinance § 146-22 provides as follows:

§ 146-22 **Hours established; public access when closed; alcoholic beverage premises.**

**A.** No establishment on a premises whose building or grounds are closer than 100 feet to the closest point of the building or grounds of a residential property situated within any residential zone of the City shall not be open for business or conduct business or invite or permit access by the general public for any purposes between the hours of 11:00 p.m. of any day and 6:00 a.m. of the following day, prevailing time.

**B.** During the hours of closing prescribed herein the property shall be securely closed against access by the public to the building and to

the parking areas by the use of appropriately sized and placed fencing, posts or chains and by posting "No Trespassing" signs.

**C.** Locations that operate primarily as a licensed alcoholic beverage premises shall not be open for business or conduct business or allow the service, consumption, or delivery of any alcoholic beverage directly or indirectly during the hours as set by § **10-5** of the City of Trenton Code.

**D.** At no time shall any business, operation or establishment other than a licensed alcoholic beverage premises be allowed to operate between the hours of 2:00 a.m. and 6:00 a.m.

Trenton Ordinance § 146-22.

11.

Trenton Ordinance § 146-22 prohibits businesses from operating between 2:00 a.m. to 6:00 a.m. Trenton Ordinance § 146-22(D).

12.

Based on a business's proximity to a *certain category* of residential property, certain businesses to are restricted from being open, conducting business, and inviting or permitting access by the general public for any purposes between the hours of 11:00 p.m. and 6:00 a.m. Trenton Ordinance § 146-22(A).

13.

Trenton Ordinance § 146-22(A) does not apply to businesses in proximity to *any* residential property, but to businesses "on a premises whose building or grounds are closer than 100 feet to the closest point of the building or grounds of

a residential property *situated within any residential zone* of the City". Id. (emphasis added).

14.

The Zoning Map of the City of Trenton, Mr. Forchion's businesses, located at 322 and 320 East State Street, are situated in zoning district "BA." See Trenton Ordinance 315-80.

15.

"BA" is defined as a Business district. See Trenton Ordinance 315-80.

16.

"BA" is not a Residential Zone. See Trenton Ordinance 315-80.

17.

The closest boundary line of a Residential Zone is well over 100 feet away — across Route 1 — and the closest residential property within that Residential Zone is even further.

18.

§ 146-22(A) does not apply to Mr. Forchion's businesses.

19.

Mr. Forchion's businesses are subject to the general provisions of 146-22(D) that permit them to be open until 2:00 a.m. See Trenton Ordinance § 146-22.

**C.    The dismissal of these bogus citations and the City's amendment to the statute.**

20.

Mr. Forchion successfully had all citations based on 146-22 dismissed prior to 2020.

21.

The City amended 146-22 and in particular 146-22(d) in 2020..

22.

Trenton ordinance 146-22(d) now reads as follows: "No establishment whose buildings or grounds are within 100 feet to the closest point of a residential property line situated within any residential zone of the City or located within a nonresidential zone shall be open for business or invite or permit access by the general public for any other purposes between the hours of 2:00 a.m. and 6:00 a.m. unless expressly exempted under § **146-23**, Applicability."

23.

§ 146-23, referred to in by § 146-22 states in relevant part a follows: "§ 146-23 **Applicability.** This article applies to any business that sells to the general public any goods, merchandise, food or material, except in those categories of

businesses listed below which are specifically exempted, along with any businesses or establishments which have been in continuous, uninterrupted operation since prior to October 6, 1988, are in the same location and owned by the same individual or entity since that date, and are primarily and substantially operated as: **A.** Hotels. **B.** Twenty-four hour diners. **C.** Fast-food or quick-service restaurants where business is conducted solely through a drive-up window during otherwise prohibited hours of service. **D.** Pharmacies. **E.** Licensed alcoholic beverage premises. This exemption extends only to the sale of alcoholic beverages between the hours of 11:00 p.m. and 2:00 a.m. Hours of operation as stipulated under § **10-5**, Restrictions, still apply."

> D.    **Retaliation through, inter alia, selective enforcement after Mr. Forchion express himself through a Batman like symbol on City Hall and multiple emails to the Mayor and other Public officials**

24.

From the time prior to 2020, when Mr. Forchion gained dismissal of the citations discussed above until the time in Late April 2024, when Mr. Forchion began vociferously complaining about his cannabis license and placing the Batman signal on City Hall, saying "Our City Government sucks," Trenton PD never cited Mr. Forchion for a single violation:



25.

Nearly immediately after Mr. Forchion began vociferously complaining about his cannabis license being stalled, and protecting the Batman like signal onto City Hall, Trenton PD began harassing Mr. Forchion, by their presence at his establishment, accusing him of unlawful conduct in front of patrons, and by citing him as violating, inter alia, 146-22(d).

26.

Relevantly, the retaliatory nature of the Defendant's conduct is evidenced also by the selective nature of the enforcement of said ordinance. Sometimes they choose to cite Mr. Forchion and others time they do not even though he is operating according to Defendant in violation of 146-22(d), inter alia.

27.

During this same time period of late April though present, Defendant's City attorney told Mr. Forchion in front of witness that if he kept projection the Batman like signal, which said Our City Government sucks," that the City would revoke Mr. Forchion's City Resolution regarding his application for his Cannabis license; and of course, almost immediately after that threat was made, Trenton PD selectively harassed Mr. Forchion and his establishment, by their presence at his establishment, accusing him of unlawful conduct in front of patrons, and by citing him as violating, inter alia, 146-22(d).

E.      **More retaliation**

28.

To clarify matters about his establishment being open as a twenty-four hour diner pursuant to § 144-22(d) and its exception under 144-23(a), Mr. Forchion amended his operating license application to ensure that there existed no ambiguity about his establishment's status.

29.

The city refuses to approve this simple amendment while knowing there is no basis to not approve this amendment because the City does not have any guidelines for approving or denying said 24-hour status; the intentional delay is affecting Mr. Forchion's business negatively because Trenton PD continues to selectively enforce, in an arbitrary and capricious manner, a statute (§ 144-22(d)), which it knows does not apply to Mr. Forchion. Mr. Forchion reputation and monetary business are being injured daily because of this retaliatory conduct of not simply approving this amendment to his business license.

30.

Relevantly, the City Law Department Director, Wesley Bridges, threatened Mr. Forchion with retaliation because of Mr. Forchion continually flashing the Batman-like signal on City Hall. Law Department Director Bridges told Mr.

Forchion in front of his legal team that if he continued to do so, the City would

revoke a City Resolution needed by Mr. Forchion to gain his cannabis license.



**COUNT I**
**DECLARATORY AND INJUNCTIVE RELIEF**
**FIRST AMENDMENT RETALIATION VIOLATION**
**UNDER 42 U.S.C. § 1983**
*(against Defendant)*

31.

Plaintiffs hereby incorporate paragraphs 1 through 30, *and any paragraph this Court deems relevant*, into this Count.

32.

In addition to the facts incorporated to support this Count, Mr. Forchion states the following facts also. While shutting Plaintiffs down at 2 a.m., treating the Plaintiffs as if they are not a twenty-four hour diner as contemplated by § 144-23(a), the Defendant City permits other establishments to remain open until at least 6 a.m. and these establishments are not open twenty-four hours and do not advertise as a Diner, and do not have a permit from the City classifying them as a diner under § 144-23(a).  A primary and substantive distinction between Mr. Forchion's establishment and said establishments that are permitted to operate after 2 a.m. is that Mr. Forchion exercises his freedom of speech through continual complaints to the Defendant (at all times relevant) and spotlights Defendant's building with his Batman-like signal, which criticizes the City of Trenton. Based on these facts and the facts incorporated into this Count, Defendants took a

number of retaliatory actions against Mr. Forchion, including a systematic operation to shut down Mr. Forchion's businesses by any means necessary.

33.

The retaliation is ongoing and is causing non-monetary damage to Plaintiffs reputation both personal and business reputation. As such, Plaintiffs request that this Court declare that Plaintiff Forchion's first amendment rights are being violated, and that the subject police be prohibited from closing his business at 2 a.m.

<u>**COUNT II**</u>
<u>**REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**</u>
<u>**REGARDING THE CONSTITUTIONALITY OF THE STATUTES AT ISSUE**</u>
*(against Defendant)*

34.

Plaintiffs hereby incorporate paragraphs 1 through 33, *and any paragraph this Court deems relevant*, into this Count.

35.

The statutes at issue are void for vagueness (facial challenge) and void as applied to Plaintiffs, because the phrase Twenty-four hour diners--found in the subject § 144-23(a), which is referenced by § 144-23(d)—is not defined in any manner. And also, while shutting Plaintiffs down at 2 a.m., treating the Plaintiffs as if they are not twenty-four hour diner as contemplated by § 144-23(a), the Defendant City permits other establishments to remain open until at least 6 a.m.

and these establishments are not open twenty-four hours and do not advertise as a Diner and do not have a permit from the City classifying them as a diner under § 144-23(a). Based on those facts, and all other facts incorporated to support this count, Plaintiffs request this Court to declare unconstitutional said statutes because an ongoing prejudicial harm to Mr. Forchion and his business reputation continues, regardless of any monetary claims.

<u>COUNT III</u>
<u>ATTORNEY FEES</u>

36.

**Based on the facts alleged in this Complaint,** Mr. Forchion and The Joint are entitled to attorney fees, under all applicable laws, because Defendants acted with a willful and wanton indifference to the laws that protect these Plaintiffs' rights.

**WHEREFORE**, Plaintiffs pray for a trial by jury of twelve and judgment against Defendants as follows:

(a) That process issue and service be had on each Defendant;

(b) That judgment requested be granted in favor of the Plaintiffs against the Defendants, jointly and severally, for the injuries of Plaintiffs;

(c) That Plaintiffs recover attorney's fees, costs of litigation, and other expenses in an amount to be determined at trial;

(d) That a jury trial be had on all issues so triable; and

(e) That Plaintiffs receive such other and further relief as the Court deems

just and proper.

**/s EDWARD N. TOBIAS**
Edward N. Tobias, Esq.
(ET4118)
Attorney for Plaintiff(s)

EDWARD N. TOBIAS, ESQ.
125 Hardenburg Lane
East Brunswick, NJ  08816
732-839-5633
tobiaslaw@verizon.net
entobiaslaw@gmail.com

(e) That Plaintiffs receive such other and further relief as the Court deems

just and proper.

/s **EDWARD N. TOBIAS**
Edward N. Tobias, Esq.
(ET4118)
Attorney for Plaintiff(s)

*10 -22 -24*

EDWARD N. TOBIAS, ESQ.
125 Hardenburg Lane
East Brunswick, NJ  08816
732-839-5633
tobiaslaw@verizon.net
entobiaslaw@gmail.com